IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:04-CR-204-BO-1
NO. 5:11-CV-228-BO

| | | |
|---|---|---|
| RICHARD STEVEN KEEN | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 [DE 22], filed on May 5, alleging that his sentence was improperly enhanced through designation as an armed career criminal under 18 U.S.C. § 924(e)(1). The United States responded with a Motion to Dismiss [DE 25] on June 16. In light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), this Court entered an Order on August 24, allowing the parties to update their Motions [DE 31]. Because the Petitioner had not sustained three previous convictions for violent felonies or serious drug offenses, Petitioner's 28 U.S.C. § 2255 Motion is ALLOWED, Petitioner's sentence is VACATED, and Petitioner shall be RESENTENCED without the armed career criminal designation.

## BACKGROUND

On June 10, 2004, the Grand Jury issued a two-count indictment that charged Petitioner in Count One with possession of firearms after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924 [DE 1]. Count Two charged that Petitioner possessed, received, and concealed stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924. *Id.*

On August 30, 2004, Petitioner was arraigned and pleaded guilty without a plea agreement. The Court sentenced Petitioner to 180 months' imprisonment on Count One and 120 months' imprisonment on Count Two, which the Court ordered Petitioner to serve concurrently [DE 13]. The Court also sentenced Petitioner to five years of supervised release on Count One and three years of supervised release on Count Two, which the Court also ordered Petitioner to serve concurrently. *Id.*

## DISCUSSION

In his Motion pursuant to 28 U.S.C. § 2255, Petitioner asserts that his classification as an armed career criminal was improper. A defendant is classified as an armed career criminal under 18 U.S.C. § 924(e)(1) if the defendant has been convicted under 18 U.S.C. § 922(g)(1) of possessing a firearm after having sustained three previous convictions for either violent felonies or serious drug offenses. On August 17, the Fourth Circuit decided *United States v. Simmons*, which overturned *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005) and clarified the manner in which a sentencing court is to classify North Carolina state court convictions under the Structured Sentencing Act. *Simmons*, 649 F.3d 237. Petitioner then amended his Motion, and the United States concedes that Petitioner is no longer an armed career criminal, and therefore must be resentenced.

In *Simmons*, the Fourth Circuit held that the federal sentencing court looks to the "conviction itself" and, if the state sentencing court "never made the recidivist finding necessary" to expose the defendant to a higher sentence, the Government "cannot now rely on such a finding to 'set the maximum term of imprisonment.'" *Simmons*, 649 F.3d at 243 (citing *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2587 n. 12 (2010)).

Here, the presentence report ("PSR") lists prior convictions in ¶¶ 11, 14, and 20 as the

predicate convictions that were used to support Petitioner's classification as an armed career criminal. Only one of those convictions remains a felony after *Simmons*.

Petitioner's conviction in ¶ 11 for breaking, entering, and larceny cannot qualify as an armed career criminal predicate conviction in light of *Simmons*. At the time of that conviction, Petitioner had zero prior record points and his prior record level was I [DE 22-2]. The offense was a class H offense [DE 22-2]. The sentencing judge did not make written findings of fact and, therefore, the presumptive sentence range was the proper range [DE 22-2]. Petitioner was sentenced to a minimum of six months' imprisonment and a maximum of eight months' imprisonment [DE 22-2]. *See* N.C. Gen. Stat. § 15A-1340.17(d), (e). Therefore, the conviction could not qualify as a prior felony conviction for the purposes of an armed career criminal designation.

In ¶ 14, the PSR incorrectly lists Petitioner's conviction for breaking and entering in *State v. Keen*, No. 99CR11190, as a felony rather than a misdemeanor. Although Petitioner was charged with felony breaking and entering on July 10, 1999, he pleaded guilty to misdemeanor breaking and entering on September 9, 1999 [DE 34-1]. Therefore, that conviction cannot serve as a predicate felony for purposes of Petitioner's classification as an armed career criminal.

To the extent that the probation officer intended to reference ¶ 18, a conviction in *State v. Keen*, No. 01CRS54646 for breaking, entering, and larceny, that conviction is not a predicate conviction after *Simmons*. At the time of that conviction, Petitioner had six prior record points and his prior record level was III [DE 22-2 at 3]. The offenses were class H offenses [DE 22-2 at 3]. The sentencing judge did not make written findings of fact and, therefore, the presumptive sentence range was the proper range [DE 22-2 at 3]. Petitioner was sentenced to a minimum of ten months' imprisonment and a maximum of twelve months' imprisonment [DE 22-2 at 3]. *See*

N.C. Gen. Stat. § 15A-1340.17(d), (e). Therefore, the conviction could not qualify as a prior felony conviction for the purposes of an armed career criminal designation.

Petitioner concedes that his conviction in ¶ 20 does qualify as a predicate conviction, given that he was sentenced to a minimum of twenty months' imprisonment and a maximum of twenty-four months' imprisonment [DE 22-2 at 7]. However, because *Simmons* has rendered two of his North Carolina state convictions invalid as predicate convictions for enhancement as an armed career criminal, Petitioner was sentenced in excess of the statutory maximum of ten years for his violation of 18 U.S.C. § 922(g)(1). Therefore, the Court allows Petitioner's Motion and vacates his sentence.

## CONCLUSION

For the foregoing reasons, Petitioner's 28 U.S.C. § 2255 Motion [DE 22] is ALLOWED, Petitioner's conviction and sentence on Count One is VACATED, and this matter will be SET FOR RESENTENCING by separate notice. The United States' Motion to Dismiss [DE 25] is DENIED as MOOT.

**IT IS SO ORDERED**, this the 17 day of October, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE