# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

**U.S.A. vs. Richard Steven Keen**                    **Docket No. 5:04-CR-204-1BO**

### Petition for Action on Supervised Release

COMES NOW Scott Plaster, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Richard Steven Keen, who, upon an earlier plea of guilty to Possession of Firearms by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and Possession of Stolen Firearms, in violation of 18 U.S.C. §§ 922(j) and 924, was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on February 17, 2005, to the custody of the Bureau of Prisons for a term of 180 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 60 months under the standard conditions adopted by the court and the following additional conditions:

1.     The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2.     The defendant shall pay a special assessment of $200.00.


On December 8, 2011, pursuant to 28 U.S.C. § 2255, and as a result of the decision in United States v. Simmons, the defendant's previously imposed sentence of imprisonment of 180 months was amended to time served. Additionally, the defendant's term of supervised release was amended from 60 months to 36 months.

Richard Steven Keen was released from custody on December 8, 2011, at which time the term of supervised release commenced.

On March 8, 2012, the conditions of supervision were modified to include participation in a vocational training program as directed by the probation office.

On April 20, 2012, the court was notified the defendant had been charged with Simple Assault on April 13, 2012. As a result of the defendant's admission to committing the offense, his supervision was modified to include participation in a cognitive behavioral program, Moral Reconation Therapy (MRT), in an effort to address how the defendant thinks, makes judgments and decisions about what is right and wrong, and to teach him how to make realistic goals.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On April 25, 2012, the defendant obtained employment at Agri Supply in Micro, North Carolina, working Monday thru Friday, 8:00 a.m. to 5:00 p.m. Due to his work schedule, he is unable to attend the cognitive behavioral program, MRT, that meets at the probation office during the defendant's work hours. As a means of addressing the defendant's noncompliant behavior, while at the same time allowing him to maintain his employment, it is recommended the

condition requiring the defendant to participate in a cognitive behavioral program be removed as a condition of supervision and replacing it with a 45-day period of home detention with electronic monitoring. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1.  The condition requiring the defendant to participate in a cognitive behavioral program as directed by the probation office shall be removed as a condition of supervision and replaced with:

    The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 45 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay for electronic monitoring services as directed by the probation officer.

    Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/Jeffrey L. Keller

Jeffrey L. Keller
Supervising U.S. Probation Officer

/s/Scott Plaster

Scott Plaster
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: (919) 861-8660
Executed On: May 29, 2012

## ORDER OF COURT

Considered and ordered this **29** day of **May**, 2012, and ordered filed and made a part of the records in the above case.

Terrence W. Boyle
U.S. District Judge